UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Gerald Kokoszka,<br><br>    Defendant | 2:13-cr-00419-JAD-PAL<br><br>**Order Granting Government's Motion to Dismiss [ECF 66] and Dismissing California Bank & Trust's Petition [ECF 55]** |

Shortly after Gerald Kokoszka pleaded guilty to structuring financial transactions,[1] the court entered a preliminary order of forfeiture authorizing the government to seize $323,118.45 from him.[2] California Bank & Trust timely filed a petition claiming an interest in the seized funds.[3] The government moves to dismiss the bank's petition for lack of jurisdiction.[4] Because the bank—as a general unsecured creditor—lacks standing to challenge the order of forfeiture, I grant the government's motion and dismiss the bank's petition.

## Background

In November 2012, the Superior Court of California entered a judgment against Kokoszka and in favor of the bank for $2,271,899.15 plus interest and attorney's fees and costs.[5] In August 2013, the bank filed an application of foreign judgment in Nevada state court.[6]

---

[1] ECF 48.

[2] ECF 52.

[3] ECF 55.

[4] ECF 66.

[5] As successor-in-interest to FDIC, the receiver of Vineyard Bank, N.A.  ECF 55 at 2; ECF 55-1 at 10.  In March 2013, the bank and Kokoszka stipulated to an award of $34,011.50 in attorney's fees against Kokoszka.  ECF 55-1 at 14.  As of August 2013, the total amount outstanding was $2,463,368.33 plus interest.  ECF 55-1 at 19.

[6] ECF 55-1 at 5.

In November 2013, Kokoszka was indicted in this jurisdiction on charges of structuring financial transactions and related forfeiture allegations.[7] Three months later, the state court entered an ex parte order authorizing a judgment-debtor examination against Kokoszka and prohibiting him from disposing of any property not exempt from execution in the meantime.[8] The bank never conducted the judgment-debtor examination.[9] The bank apparently did not know about Kokoszka's criminal case until April 2015, when the government published its notice of forfeiture.[10]

On April 9, 2015, the government filed a superseding information against Kokoszka charging him with 22 structured transactions totaling approximately $198,000;[11] he pleaded guilty.[12] The parties agreed that Kokoszka would forfeit $323,118.45 and that the government would return $125,118.45 to him through the Treasury Offset Program.[13]

Shortly thereafter, the court entered a preliminary order of forfeiture that comported with the forfeiture terms of the plea agreement and the government published a notice of forfeiture.[14] The bank timely filed a petition claiming an interest in the property.[15] Though the bank claims an interest in all of the seized funds, it alternatively argues that, at a minimum, it is entitled to the $125,118.45 slated to be returned to Kokoszka.[16] The government moves to dismiss the bank's petition for lack

---

[7] ECF 1.

[8] ECF 55-3 at 2–3.

[9] ECF 55 at 3.

[10] *Id.* at 3.

[11] ECF 46.

[12] ECF 48.

[13] *Id.* at 9–11.

[14] ECF 52.

[15] ECF 55.

[16] ECF 55 at 6–7.

of jurisdiction.[17]

## Discussion

**A.     Criminal Forfeitures under 21 USC § 853(n)**

Section 853(n) allows a third party to assert an interest in property seized by the government by petitioning the court for a hearing. "The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, [and] the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property . . . ."[18]

At the petition hearing, both parties may testify and present evidence and witnesses.[19] To prevail the petitioner must show, by a preponderance of the evidence, that he (1) possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or (2) that he was a bona fide purchaser for value.[20] If the petitioner fails to allege "all elements necessary for recovery, including those related to standing, the court may dismiss the petition without providing a hearing."[21] When ruling on a motion to dismiss a third-party petition, courts apply the same standards as when ruling on a motion to dismiss under FRCP 12(b)(6).[22] Thus, the court assumes that the facts in the petition are true and draws all reasonable inferences in favor of the non-moving party.[23]

The government argues that the bank lacks standing to challenge the order of forfeiture because the bank, as a general unsecured creditor, is not a bona fide purchaser and does not have an

---

[17] ECF 66.

[18] 21 USC 853(n)(4).

[19] 21 USC 853(n)(5).

[20] *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005); 21 USC 853(n)(6)(A)–(B).

[21] *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996).

[22] *Id.*

[23] FED. R. CRIM. P. 32.2(c)(1)(A).

interest in the specific forfeited property—the seized funds.[24] The bank responds that its petition should be allowed to proceed because it has an interest in the property that predates forfeiture and it is a bona fide purchaser for value.[25]

**C.    The bank's interest did not vest before the government's.**

The bank has not shown that it had a vested right or interest in the seized funds at the time of Kokoszka's illegally structured transactions. Under the relation-back provision of § 853(c), all rights and interests in property that shares the requisite nexus with the criminal conduct vests in the government when the defendant commits the crime. According to the plea agreement, Kokoszka illegally structured transactions in September 2012, and the California state court did not enter judgment against Kokoszka and in favor of the bank until November 2012. Therefore, the government's interest vested first, and the bank cannot show a superior legal interest under § 853(n)(6)(A).

**D.    The bank is not a bona fide purchaser.**

Section 853(n)(6)(B) creates an exception to the relation-back provision and allows a petitioner to prevail even if its property interest vests after the government's if the petitioner can show that it was a bona fide purchaser for value. This requires proof of three elements: (1) the petitioner has a legal interest in the forfeited property, (2) the interest was acquired as a bona fide purchaser for value, (3) the interest was acquired at a time when the petitioner was reasonably without cause to believe that the property was subject to forfeiture.[26]

The government argues that the bank, as a general unsecured creditor, cannot claim bona-

---

[24] ECF 66. The government also argues that dismissal is proper because: (1) the bank lacks statutory standing for failing to sign under penalty of perjury that the facts in the petition were true and correct as required under 21 USC 853(n)(3) and 28 USC 1746; (2) the bank failed to set forth the nature and extent of, and the time and circumstances of, its right, title, and interest in the property; (3) the property vested in the government under the relation-back doctrine; (4) the bank violated the § 853(k) bar on intervention by obtaining the state-court order freezing Kokoszka's assets; and (5) the bank does not have a valid judgment lien against the property. Because I dismiss the bank's petition because it lacks standing, I do not reach these additional arguments.

[25] ECF 67.

[26] See 21 USC 853(n)(6)(B).

fide-purchaser status. Though the bank might have a right to payment from Kokoszka, it does not have an interest in any of his specific property, including the seized funds.[27] The bank responds that even unsecured creditors can claim bona-fide-purchaser status. The bank claims it is a bona fide purchaser because (1) it secured a judgment against Kokoszka before his indictment and (2) it was entirely without cause to believe that the property was subject to forfeiture at the time it acquired the judgment.[28]

The bank offers two cases to support its position that unsecured creditors can qualify as bona fide purchasers within the meaning of § 853(n): *United States v. Reckmeyer*[29] and *United States v. Mageean*.[30] In each, the court held that unsecured creditors qualify as bona fide purchasers and thus have standing to challenge an order of criminal forfeiture when the government seizes all known assets in the debtor/defendant's estate.[31] But, as the Fourth Circuit acknowledged in *Reckmeyer*, "§ 853(n) requires more than a legal interest in the debtor's estate; the petitioner must show that the interest exists in the *specific property* that is the subject to forfeiture."[32] The court explained:

> Although general creditors can claim an interest in their debtors' estates, they cannot claim an interest in any particular asset that makes up that estate. That barrier has no impact here, however, because as the government concedes, the order of forfeiture reaches all the discovered and undiscovered assets of [the defendant] and the government has seized all of his known assets. In practical terms [defendant's] entire estate has been forfeited to the government. Because petitioner's interests necessarily lie within that estate, they meet the threshold qualification for relief by asserting a legal interest in the property subject to forfeiture.[33]

---

[27] ECF 66 at 19–20.

[28] ECF 67 at 4.

[29] *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987).

[30] *United States v. Mageean*, 649 F. Supp. 820 (D. Nev. 1986), *aff'd mem.*, 822 F.2d 62 (9th Cir. 1987).

[31] *Mageean* involved the rights of unsecured creditors under 18 USC § 1963(m), a provision of the RICCO statute that is virtually identical to § 853(n).

[32] *United States v. $193.39 U.S. Currency*, 16 F.3d 344 (9th Cir. 1994) (citing *Reckmeyer*, 836 F.2d at 205) (emphasis added).

[33] *Reckmeyer*, 836 F.2d at 206.

The forfeiture in *Mageean* likewise reached all of the defendant's assets.[34]  The same cannot be said of the forfeiture order against Kokoszka.  On its face, the order covers only "$323,118.45 in United States Currency," not Kokoszka's entire estate.  The bank's petition underlines this point.  The bank argues that, at a minimum, it is entitled to the funds set to be returned to Kokoszka.[35]  Even if $323,118.45 were Kokoszka's entire estate, the order of forfeiture still would not cover the entirety of that estate because the order explicitly sets aside $125,118.45 to be returned to Kokoszka through the Treasury Offset Program.  Thus, neither *Reckmeyer* nor *Mageean* gives the bank standing to challenge the order of forfeiture.

The Ninth Circuit has not squarely addressed the issue of whether general unsecured creditors can qualify as bona fide purchasers under § 853(n), but at least three other courts of appeal have held that they cannot.  In *United States v. Campos*, the Sixth Circuit held that unsecured creditors are not bona fide purchasers for value because they do not have a "legal right, title, or interest" in the debtor's specific forfeited assets.[36]  Similarly, in *United States v. BCCI Holdings (Luxembourg), S.A.*, the D.C. Circuit held that "a general creditor can never have an interest in specific forfeited property, no matter what the relative size of [its] claim vis-a-vis the value of the defendant's post-forfeiture estate" and stressed that "[b]ona fide purchasers are not the same thing as general creditors."[37]  In *United States v. Ribadeneira*,[38] the Second Circuit likewise held that a general creditor lacks standing under § 853(n) because it has no interest in specific forfeited property.

I find the reasoning of the *Campos*, *BCCI Holdings,* and *Ribadeniera* courts persuasive.  And even if the Ninth Circuit followed *Reckmeyer* and *Mageean*, this case is distinguishable because the

---

[34] *See Mageean*, 649 F. Supp. at 821–22.

[35] ECF 55 at 6.

[36] *United States v. Campos*, 859 F.2d 1233, 1237 (6th Cir. 1988).

[37] *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191–192 (D.C. Cir. 1995).

[38] *United States v. Ribadeneira*, 105 F.3d 833, 836–37 (2d Cir. 1997); *see also DSI Associates LLC v. United States*, 496 F.3d 175 (2d Cir. 2007) (stating that general creditors "do not possess a legal right, title, or interest in forfeited property").

order of forfeiture does not cover Kokoszka's entire estate. Unlike a secured creditor, a general creditor cannot point to any specific asset and claim that it is entitled to payment out of the value of that specific asset, unless it has already secured a judgment against the debtor and perfected a lien against a particular item. Here, the bank secured a judgment against Kokoszka personally, not against any specific property or account belonging to him.[39] Therefore, the bank can point to no specific legal interest in the seized funds as required under both § 853(n)(6)(A) and (B).

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the government's Motion to Dismiss **[ECF 66] is GRANTED**. California Bank & Trust's petition **[ECF 55] is DISMISSED.**

Dated this 14th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[39] ECF 55-1 at 9–10.